**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4859**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY WAYNE MAYES,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (6:06-cr-00400-GRA)

---

Submitted: February 22, 2007          Decided:  February 28, 2007

---

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Columbia, South Carolina, W. Walter Wilkins, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Wayne Mayes appeals his conviction and sentence following a guilty plea to failure to surrender to serve a federal sentence, in violation of 18 U.S.C. § 3146 (2000). Mayes' attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Mayes' guilty plea and whether Mayes' sentence was reasonable. Mayes was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Counsel raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding and concludes that there was full compliance with the Rule. After a thorough review of the record, we similarly find that the district court complied with the requirements of Rule 11.

Counsel also questions the reasonableness of Mayes' sentence. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

Mayes pled guilty to failure to appear to serve a sentence. In the presentence report, Mayes' base offense level was determined to be 11 and he received a two-level adjustment for acceptance of responsibility. Thus, Mayes had a total offense level of 9. With an offense level of 9 and criminal history category V, his advisory guideline range was 18-24 months' imprisonment. There were no objections to the presentence report. The district court sentenced Mayes to 18 months in prison, to be served consecutively to his other sentence of imprisonment as required by 18 U.S.C. § 3146(b)(2). The sentence is within the applicable guideline range and is below the statutory maximum.

As Mayes' 18-month prison sentence is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006). Mayes has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mayes' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in thematerials before the court and argument would not aid the decisional process.

AFFIRMED